## HARDY *v.* WADDELL & *als.*

58 460
69 183

A., taking an overdue and paid note from B., who is not a party to it, is deemed to have taken it upon the credit of B., and subject to the defences which the signers could make against B., and cannot compel some of the signers (who were sureties in fact) to pay it a second time on the ground that, after it was due and paid by them and B., they authorized B. to hold and use it as a valid note against W., another signer and sole principal, and B., in violation of his trust and without authority, transferred it to A.

ASSUMPSIT, on a joint and several note, signed by the defendants, payable to the order of the Cheshire National Bank of Keene, ninety days after date, and indorsed by the bank by its cashier, without recourse. Waddell was defaulted, and the suit proceeded against the other defendants.

The plaintiff took the note after it became due. Kittridge and Aldrich, the other defendants, were sureties on the note. When it became due, Stainborn and Kittridge went to the bank, Waddell having left the state, and arranged with the bank to take it up, and give the note of Stainborn, with Kittridge and Aldrich as sureties, in place of it. To induce Kittridge and Aldrich to sign the note with him, Stainborn assured them that he would stand between them and all harm. Two or three days after the note fell due the exchange was made, Stainborn and Kittridge both being present. The note in suit was then delivered to them, and Stainborn took it away. Stainborn was owing a note to Waddell which was about coming due, and he wanted it, as he alleged, to turn in towards the note Waddell held against him. The note in suit was not then indorsed, but they took it from the bank. Afterwards it occurred to Stainborn that it should be indorsed, and he and Kittridge went to the bank, and the cashier then, in behalf of the bank, indorsed it, without recourse, and in blank; and it was then agreed by Stainborn that he would hold Kittridge and Aldrich harmless on account of it, and would use it only in set-off to the claim Waddell held against him, and Stainborn then took the note into his possession. Some two weeks after this, Stainborn delivered it to the plaintiff as collateral, and he now holds it.

On these facts the court directed a verdict for the defendants, and the plaintiff excepted.

*Hardy* and *Sawyer & Sawyer, Jr.*, for the plaintiff.

*Faulkners & Batchelder*, for the defendants.

FOSTER, J.   "Wherever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." This principle is declared, by ASHURST, J. *(Lickbarrow* v. *Mason*, 2 Term 63, 70), to be " broad and general; " but it is not without exception, and is always to be applied with great circumspection and caution. Broom's Leg. Max. 562, 563; *N. Y. Iron Mine* v. *Negaunee Bank*, 39 Mich. 644, 653–657.

The purchaser of a negotiable note, dishonored or overdue, takes it subject to all the legal defences which might have been made to it in the hands of the original holder.

The parties to this transaction, if equally innocent in a moral sense, cannot be regarded as *in equali jure.* However careless may have been the conduct of the innocent sureties in permitting Stainborn to take possession of the note after they had received it from the officers of the bank, without first erasing their names, and notwithstanding the fact that their negligence enabled Stainborn to practise a fraud upon the plaintiff, the latter cannot be regarded as equally innocent with the sureties, because he was, legally speaking, more negligent. He was very distinctly put upon inquiry concerning the possible or probable defences of the makers of the note. The obvious fact that

the note was overdue was an advertisement of probable defects in the title, affecting the purchaser with notice of all existing defences. As against Kittridge and Aldrich, the plaintiff cannot be considered an innocent holder, and he cannot invoke against them the aid of the rule, that where one of two innocent persons must suffer by the act of a third, he who has enabled such third person to occasion the loss must sustain it. *N. Y. Iron Mine* v. *Negaunee Bank*, before cited.

                 *Judgment on the verdict.*

STANLEY, J., did not sit.